## JOSEPH ST. CLAIR *v.* THE STATE.

1. PERJURY — INDICTMENT.— Objections to an indictment for perjury before a grand jury were: 1, because it did not show by direct affirmative allegation that the District Court was in session at the time of the alleged offense; 2, it did not show the organization of the grand jury; 3, it did not show the appointment of A. as foreman of the grand jury; 4, it did not allege that the said grand jury was in session when the oath was administered by A., nor when the alleged statements were made. *Held*, that the indictment, notwithstanding, is sufficient to charge the offense.

2. CHARGE OF THE COURT — PRACTICE.— The defendant in this case interposed no objection to the charge complained of when it was given, nor did he point out or specify in his motion for new trial his ground of objection. That the court erred in its charge is an allegation in a motion for new trial too general to authorize review by this court, unless the error be fundamental or injury apparent.

3. PRACTICE.— The records of the court were competent evidence to show that the District Court was in session and the grand jury organized when the perjury was committed.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The indictment charged the defendant with perjury before the grand jury of Lampasas county, at the November term, 1879, of the District Court of that county. He was convicted at the May term, 1881, and awarded a five years' term in the penitentiary.

The State introduced the clerk of the District Court, who identified the minutes of the November term, 1879, and then the minutes showing that the District Court was in session, and the grand jury duly organized with H. S. Arnold as foreman. Arnold was then introduced by the State, and testified that the defendant was before the grand jury, of which the witness was foreman at the time charged; that, as foreman, he administered to the defendant the oath required by statute; and that the defendant, responding to inquiries concerning theft of

cattle by one Allen Lunsford, then under consideration, said, as written down by the witness, as follows: "Joseph St. Clair testifies to having bought a beef on the 14th of November, 1879, from Allen Lunsford, branded J. O., about four years old. Wyatt and Allen Lunsford are both implicated in this killing. Said beef killed in the night on the prairie — said beef a stray." "H. S. Arnold, Foreman Grand Jury, November term, 1879." This memorandum the witness identified as that written by him at the time, and as being the statement made by defendant.

Another grand juror of the November term, 1879, testified to the same effect. Allen Lunsford testified that he did not sell the defendant a four year old beef branded J. O. on November 14, 1879, nor at any other time; that he, the witness, was the only Allen Lunsford in Lampasas county.

J. C. Matthews testified for the State that he appeared as counsel for Allen Lunsford at the May term, 1880, of the District Court, and that in that trial the defendant as a witness for the State testified that he did not, on November 14, 1879, buy a four year old beef branded T. O. of Allen Lunsford.

Two other members of the grand jury testified to the fact that the defendant was before the grand jury and testified about cattle-theft by the Lunsfords, and that he was sober when he testified; but neither of them remembered the substance of his testimony.

*Townes & Burleson,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

Hurt, J. The appellant was convicted of perjury, charged to have been committed before the grand jury of Lampasas county. The defendant moved the court below to quash the indictment, for the following reason: "Be-

cause the same charges no offense against the State of Texas."

This exception does not point out the supposed defects in the indictment; but this is done in the very able brief of counsel for defendant. The grounds relied upon to sustain the motion are these:

"1st. Because it, the indictment, does not show by direct affirmative allegation that the District Court of Lampasas county was in session on the 19th day of November, A. D. 1879, the date of the alleged offense.

"2d. Because it does not show the organization of the grand jury before whom the perjury is charged to have taken place.

"3d. It does not show the appointment of H. S. Arnold as foreman of the grand jury.

"4th. It does not allege that the said grand jury was in session when the oath was administered by said Arnold; nor when the alleged statements were made."

The objections may be condensed into one, for they all rest upon the same foundation, which is, that the constitution, organization or lawful existence of the tribunal before which the oath was taken must be clearly and affirmatively set out in the indictment. In support of this proposition a great many opinions, both English and American, can be relied upon. The English authorities are mostly, if not entirely, anterior to 23 Geo. 2, Ch. 11, but in this country quite a number may be found subsequent to the passage of that act, which was in 1750. Is the statute of 23 Geo. 2 binding, as common law, upon the courts of this State? Upon this question Mr. Bishop observes: "The former statute is of a date too recent to be a part of our common law by force of the ordinary rules which govern such questions. But sometimes a statute so highly remedial, passed during the colonial period, was, especially when it might be deemed in some measure declaratory of the true rule, accepted by our courts as furnishing the rule for their future guidance."

Again, he further, we think, very justly remarks: "Not unfrequently statutes were passed to remove objections which had no real foundation in the law as *correctly* construed, but only in some corrupt general or even local practice." This great writer and philosopher maintains that the rules contained in 23 Geo. 2 were, prior to this act, the true doctrine, and that this statute merely declares that to be law which was in fact (not practice) the law; and that the provisions of that statute, not by virtue of the act, are binding upon the courts of this country as common law. This State has placed herself in line with others of these United States, and holds the doctrine enunciated by Mr. Bishop. This is no longer an open question in this State, for it has been discussed at great length, and we hope put to rest. Bishop Cr. P. vol. 2, secs. 901, 902, 903 and 904; 50 Mass. 219; 6 Texas Ct. App. 184; 7 Texas Ct. App. 375; 9 Texas Ct. App. 171. Notwithstanding the very able brief and argument of counsel for defendant, we are constrained to hold the indictment good.

The counsel for defendant urges a reversal because of a paragraph in the charge. There was no objection taken to the charge at the time, nor did the motion for a new trial point out or specify the grounds of objection. To allege in the motion that the court erred in the charge is too uncertain, too vague; in fact, it furnishes the court with no information as to the error, in order that the court may redress the injury if there be any. If the court misdirects the jury, defendant should except, or point out the wrong in his motion for a new trial, thus giving the lower court the opportunity to correct the error, or redress the wrong by a new trial. And unless this course be pursued, we will not reverse the judgment for such errors, provided the error is not fundamental, or the injury not evident.

The evidence, we think, clearly supports the verdict. The action of the court in admitting the records of the

court to prove that the District Court was in session, and that the grand jury was organized, was highly proper. There could have been but one objection to this evidence, and that was the want of an allegation in the indictment to support this proof; hence the decision of the first question settles this. We have very carefully examined this record, and the very able brief of counsel for defendant, but have found no such error as will warrant a reversal of the judgment. The judgment is affirmed.

*Affirmed.*